UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
HASSAN STEVENS,

                              Petitioner,

          -against-

SUPERINTENDENT, John J. Donelli,
Bare Hill Correctional Facility,
                              Respondent.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 13 2010
P.M. ___
TIME A.M. ___

MEMORANDUM & ORDER

06-CV-6375 (ENV)

**VITALIANO, D.J.**

Pro se petitioner Hassan Stevens is before this court on his petition for habeas relief pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the writ is denied and the petition dismissed.

**BACKGROUND**

On the morning of July 28, 2002, 13-year-old C.H. was sexually abused. Hassan Stevens, her mother's boyfriend, was arrested and charged, under Kings County Indictment Number 8233/02, with sodomy in the first degree (N.Y. PENAL LAW § 130.50[1]); sodomy in the third degree (N.Y. PENAL LAW § 130.40[2]); two counts each of sexual abuse in the first degree (N.Y. PENAL LAW § 130.65[1]) and sexual abuse in the second degree (N.Y. PENAL LAW § 130.60[2]); and one count of endangering the welfare of a child (N.Y. PENAL LAW § 260.10[1]).

At the close of the People's case, Stevens moved to dismiss both sodomy charges, as well as one count of sexual abuse in the first degree, arguing that the People had not made a prima facie showing with respect to force. He also argued that, in light of the medical examiner's testimony, the evidence was insufficient to support the charges. The trial court denied both

1

motions.

The jury found Stevens guilty of one count of sexual abuse in the first degree and of one count of sexual abuse in the second degree. The court did not include the charge of endangering the welfare of a child on the verdict sheet. The jury acquitted Stevens of the charges of sodomy in the first and third degrees and of the remaining sexual abuse charges. On October 27, 2003, the court sentenced Stevens, a second felony offender, to concurrent determinate terms of imprisonment of three-and-one-half years for the count of sexual abuse in the first degree and of one year for the count of sexual abuse in the second degree.[1]

Following his conviction, Stevens appealed to the Appellate Division, Second Department, arguing that (1) the evidence was not legally sufficient to support his conviction; (2) the verdict was against the weight of the evidence; and (3) the People had failed to prove his guilt beyond a reasonable doubt. On November 21, 2005, the Appellate Division affirmed the judgment, holding that Stevens's legal insufficiency claims were unpreserved for appellate review as required by New York's contemporaneous objection rule and that, in any event, "viewing the evidence in the light most favorable to the prosecution . . . it was legally sufficient to establish defendant's guilt beyond a reasonable doubt" and "was not against the weight of the evidence." People v. Stevens, 23 A.D.3d 587, 587, 804 N.Y.S.2d 262, 262-63 (2d Dep't 2005). The Court of Appeals denied Stevens's application for leave to appeal on January 31, 2006. See People v. Stevens, 6 N.Y.3d 781, 811 N.Y.S.2d 348, 844 N.E.2d 803 (2006).

On November 27, 2006, Stevens filed the instant pro se petition seeking habeas relief on three theories: (1) the verdict was against the weight of the evidence; (2) the evidence was

---

[1] Petitioner was released from prison on or around February 6, 2010. The Court retains jurisdiction over his petition because (1) he is likely subject to a term of supervised release and (2) he is subject to civil disability as a convicted felon.

2

legally insufficient to sustain his conviction; and (3) he was deprived of a fair trial.[2]

**STANDARD OF REVIEW**

This petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a federal writ of habeas corpus may not be granted to a state prisoner with respect to any claim that was adjudicated on the merits by a state court unless the decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., for the Court, Part II).

In the AEDPA context, the term "clearly established federal law" is construed as "'refer[ring] to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" Carey v. Musladin, 549 U.S. 70, 74 (2006) (quoting Williams, 529 U.S. at 412, 120 S. Ct. at 1523). Further, to be "clearly established" under AEDPA, federal law must be "law that is 'dictated by [Supreme Court] precedent existing at the time the defendant's conviction became final.'" McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003) (alteration in original) (citation omitted). And a state court's "unreasonable application" of law must have been more than "incorrect or erroneous": it must have been "objectively unreasonable." Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001) (internal quotation marks omitted).

In addition, under AEDPA, "a state court's findings of fact are 'presumed to be correct' unless rebutted 'by clear and convincing evidence.'" Drake v. Portuondo, 553 F.3d 230, 239 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(e)(1)). "This presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility." Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003).

---

[2] This claim was not raised as one of the grounds in petitioner's habeas petition but was discussed in his brief.

# DISCUSSION

## A. Weight of the Evidence

The Appellate Division on direct appeal held "that the verdict of guilt was not against the weight of the evidence." Stevens, 23 A.D.3d at 587. Petitioner's claim that the guilty verdict returned by the jury was "against the weight of the evidence" appears to assert an error of New York criminal procedure law only, and, if so, since it thereby fails to raise a federal constitutional issue, the claim is not cognizable on federal habeas review. See, e.g., Garbez v. Greiner, No. 01-CV-9865, 2002 U.S. Dist. LEXIS 13806, at *24-*25 (S.D.N.Y. July 30, 2002) (citing Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990))); see also Williams v. Breslin, No. 06-CV-2479, 2008 U.S. Dist. LEXIS 78059, at *17 (E.D.N.Y. Sept. 9, 2008) ( "A 'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5)," whereas a legal sufficiency claim is based on federal due process principles. (citing Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001))). Accordingly, the Court is precluded from considering the petitioner's claim as stated; it is dismissed. See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state "custody in violation of the Constitution or laws or treaties of the United States"); Lewis, 497 U.S. at 780 ("[F]ederal habeas corpus relief does not lie for errors of state law."); Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (dismissing claim that conviction was against the weight of the evidence because such a claim was not a basis for habeas relief but, rather, presented only an error of state law, for which habeas review is not available).

## B. Legal Insufficiency

4

The Appellate Division held further that "defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of sexual abuse in the first degree and sexual abuse in the second degree is unpreserved for appellate review" because he failed to comply with New York's contemporaneous objection rule. Stevens, 23 A.D.3d at 587, 804 N.Y.S.2d at 262. New York's contemporaneous objection rule requires a party to register a protest to a ruling or instruction "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. CRIM. PROC. LAW § 470.05[2]. Federal courts have recognized the contemporaneous objection requirement as "a firmly established independent and adequate state procedural bar."[3] See, e.g., Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977); see also Garvey v. Duncan, 485 F.3d 709, 720 (2d Cir. 2007) ("[Petitioner's claim] was not raised either by specific objection or by the trial court's decision. As a consequence . . . [w]e need not reach or decide the defendant's federal claims, since there was an independent and adequate state law ground for the state appellate court's decision to affirm the defendant's conviction."); Gomez v. Brown, 655 F. Supp. 2d 332, 355 (S.D.N.Y. 2009) (citing Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999) ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules.")).

In Wainwright, the Supreme Court held that "a federal habeas petitioner who has failed to comply with a State's contemporaneous-objection rule at trial must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim." Murray v. Carrier, 477 U.S. 478, 485 (1986) (citing Wainwright, 433 U.S.

---

[3] Although the Appellate Division went on to state, "[i]n any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt," Stevens, 23 A.D.3d at 587, 804 N.Y.S.2d at 262-63 (citation omitted), "this alternative holding does not open the door for federal court review." Slavin v. Artus, No. 05-CV-0870, 2010 U.S. Dist. LEXIS 2939, at *28 (E.D.N.Y. Jan. 13, 2010); accord Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) ("[E]ven when a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted.").

at 87); see also id. at 485-92. Alternatively, a petitioner must "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991) (internal quotation marks and citations omitted). A "fundamental miscarriage of justice" justifying a procedural default is only found "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

Petitioner has demonstrated neither cause for his procedural default nor actual prejudice resulting from the alleged violation of federal law. Coleman, 501 U.S. at 750; Murray, 477 U.S. at 496. Further, petitioner has not demonstrated that the Court's failure to consider his claim will result in a fundamental miscarriage of justice—no evidence has been presented suggesting that he is "actually innocent." See Coleman, 501 U.S. at 750; Murray, 477 U.S. at 496; Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) ("To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." (internal quotation marks omitted)). As petitioner has failed to allege any cause for the default, actual prejudice, or that a fundamental miscarriage of justice would result if the claim were not reviewed, petitioner's claim for insufficiency of the evidence is barred from federal habeas review. See Coleman, 501 U.S. at 750.

Even if petitioner's claim were cognizable on habeas review, a decision by the state courts to allow the conviction to stand on the merits would not have been contrary to, or an unreasonable application of, Supreme Court precedent, and specifically, the standard for insufficiency of evidence announced in Jackson v. Virginia, 443 U.S. 307 (1979).

In assessing a Jackson claim, a habeas court must view all "evidence in the light most favorable to the prosecution," and a petitioner is entitled to habeas relief only if "'no rational

trier of fact could have found proof of guilt beyond a reasonable doubt'" based on the evidence adduced at trial. Flowers v. Fisher, 296 F. App'x 208, 210 (2d Cir. 2008) (quoting Jackson, 443 U.S. at 324). Even when "'faced with a record of historical facts that supports conflicting inferences[, a court] must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Wheel v. Robinson, 34 F.3d 60, 66 (2d Cir. 1994) (quoting Jackson, 443 U.S. at 326). Given that a reviewing court may not substitute its judgment for that of a rational jury, a petitioner "bears a very heavy burden" in challenging the sufficiency of evidence upon which he was convicted. Einaugler v. Supreme Court, 109 F.3d 836, 840 (2d Cir. 1997) (internal quotation marks and citation omitted); accord Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995). The court must defer to the fact finder's "assessments of the weight of the evidence or the credibility of witnesses." Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

1. Forcible Compulsion

Petitioner argues that the evidence presented at trial was legally insufficient to convict him of sexual abuse in the first and second degree because the element of forcible compulsion was not made out. A person is guilty of first-degree sexual abuse when he subjects another person to sexual contact[4] by forcible compulsion. N.Y. PENAL LAW § 130.65[1]. Forcible compulsion means to compel by either (1) use of physical force or (2) a threat, express or implied, which places a person in fear of immediate death or physical injury to herself. N.Y. PENAL LAW § 130.00 (8).

The Court finds that the Appellate Division's alternative holding rejecting petitioner's

---

[4] Sexual contact is "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying the sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing." N.Y. PENAL LAW § 130.00[3].

7

legal insufficiency claim on the merits is not contrary to, or an unreasonable application of, Jackson. In light of the evidence presented at trial, it was not unreasonable for a jury to have determined that the element of forcible compulsion had been proven beyond a reasonable doubt. For example, there was considerable evidence that the child had to strike Stevens repeatedly in order to break free when he was kissing her legs, fondling her breasts, and licking her vagina.

Moreover, forcible compulsion may be established where a defendant exploits his greater size and strength or his position of authority over the victim to intimidate the victim into submission. People v. Shelton, 307 A.D.2d 370, 371, 763 N.Y.S.2d 79, 81 (2d Dep't 2003), (holding evidence was sufficient to prove defendant used forcible compulsion to engage in sexual intercourse and sexual contact with complainant who was five feet tall and weighed between 90 and 95 pounds and who testified that the defendant had physically restrained her as she struggled to free herself), aff'd, 1 N.Y.3d 614, 777 N.Y.S.2d 9, 808 N.E.2d 1268 (2004); see also People v. Davis, 21 A.D.3d 590, 591, 799 N.Y.S.2d 324, 325 (3d Dep't 2005) (holding evidence was sufficient to show forcible compulsion where the 11-year-old victim did not say anything during the sexual contact because she was afraid that defendant would hurt her and where defendant was significantly larger than she and no less than 20 years older); People v. Ferrer, 209 A.D.2d 714, 715, 619 N.Y.S.2d 332, 333 (2d Dep't 1994) (holding evidence was legally sufficient to establish forcible compulsion when the victim repeatedly attempted to push away defendant, who "used his superior physical strength and an implied threat of harm to rape, sodomize, and sexually abuse" the victim). In short, there was certainly more than sufficient evidence to indicate that petitioner, a 24-year-old man, had exerted his greater size and strength over his victim, a 13-year-old girl who was smaller and likely weaker than he.

Forcible compulsion is not an element of second-degree sexual abuse. See N.Y. PENAL

LAW §§ 130.60[2]; 130.65[1]. In order to sustain a conviction for second-degree sexual abuse, the People must establish merely that the defendant subjected the victim to sexual contact and that the victim was less than 14 years old. Accordingly, Stevens's forcible compulsion argument on this charge is rejected as academic.

2. Witness Credibility

Petitioner next argues that his conviction of first and second-degree sexual abuse is not supported by legally sufficient evidence because the victim's testimony at trial was not credible. Petitioner's attack on the credibility of the victim as a witness at trial does not warrant habeas relief. Indeed, this argument in its own words concerns witness credibility, and such determinations are properly made by the jury; a federal habeas court must "resolve all issues of credibility[] in favor of the jury's verdict." United States v. Reyes, 157 F.3d 949, 955 (2d Cir. 1998) (alteration in original) (internal quotation marks and citation omitted); see also Maldonado, 86 F.3d at 35; Fulton v. Greene, No. 05-CV-6314, 2009 U.S. Dist. LEXIS 102971, at *16-*17 (W.D.N.Y. Nov. 5, 2009) ("A sufficiency claim . . . does not permit the reviewing court to redetermine the credibility or reliability of witnesses or substitute its view of the evidence for that of the trier of fact.") (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983); Maldonado, 86 F.3d at 35); Minigan v. Donnelly, No. 01-CV-0026A, 2007 U.S. Dist. LEXIS 64446, at *72-*73 (W.D.N.Y. Feb. 16, 2007) (noting that "a reviewing court may not attempt to second-guess a jury's credibility determination"); Huber v. Schriver, 140 F. Supp. 2d 265, 277 (E.D.N.Y. 2001) (holding that federal habeas courts ""are not free to reassess the [fact-specific] credibility judgments by juries or to weigh conflicting testimony. On collateral review, [a federal habeas court] must presume that the jury resolved any questions of credibility in favor of the prosecution."") (quoting Vera v. Hanslmaier, 989 F. Supp. 2d 278, 284 (S.D.N.Y. 1996))).

Having reviewed the record anyway, the Court also concludes that a reasonable jury could rationally have credited the victim's testimony that petitioner sexually abused her. The fact that the jury acquitted petitioner of certain charges and convicted him of others does not demonstrate that the now-challenged testimony was not credible.[5] See Mitchell v. Artus, No. 07-CV-4688, U.S. Dist. LEXIS 42604, at *128 (S.D.N.Y. June 02, 2008) (citing People v. Barfield, 138 A.D.2d 497, 498, 525 N.Y.S.2d 892, 893 (2d Dep't 1998) (holding verdict was not repugnant where defendant was acquitted of first-degree rape and first-degree sexual abuse, but convicted of first-degree sodomy, because the "elements of the crimes, as charged, are not identical"))). Additionally, the victim's younger sister corroborated the victim's testimony that petitioner had cried and pleaded with his victim to keep the story a secret, and that Stevens had pulled on the phone cord in an effort to stop the victim from contacting her mother after the assault. Viewing all of this evidence in the light most favorable to the prosecution, the jury could easily have fully credited the testimony of those witnesses with respect to the counts of conviction. There is no basis to disturb the jury's determinations on habeas review. Accordingly, habeas relief is not warranted on this claim either.

In addition, petitioner suggests that the evidence must be insufficient because his conviction rested "solely on the accusation of a girl who had just turned 13" and was not supported by physical evidence. (Petition at 17.) The Court finds this argument similarly unpersuasive. The victim's testimony was corroborated by her younger sister, and the absence of physical evidence does not demonstrate petitioner's innocence.[6] See Williams v. McCoy, 7 F. Supp. 2d 214, 221-22 (E.D.N.Y. 1998) (finding that the testimony of the nine-year-old rape

---

[5] Petitioner was acquitted of one count of first-degree sodomy, one count of third-degree sodomy, one count of first-degree sexual abuse, and one count of second-degree sexual abuse.

[6] No traces of amylase, a protein found in saliva, were found after a medical examination of the victim. This non-finding was not unusual, however, because the victim urinated shortly after the assault, decreasing the chances that amylase would be present.

victim—where petitioner observed that there was no evidence of penile penetration or of the victim's having contracted a sexually transmitted disease from him—was sufficient to sustain a conviction for rape). In any event, the Second Circuit emphasized in United States v. Danzey that "the testimony of a single, uncorroborated eyewitness is generally sufficient to support conviction" as a matter of federal law, 594 F.2d 905, 916 (2d Cir. 1979), and, in the presence of corroboration of that testimony, "even greater reason exists for upholding the verdict of a jury which accepted it." Liner v. Keane, No. 95-CV-2738, 1995 U.S. Dist. LEXIS 21830, at *17 (S.D.N.Y. Dec. 8, 1995); see also King v. Greiner, 210 F. Supp. 2d 177, 185 (E.D.N.Y. 2002); Huber, 140 F. Supp. 2d at 277.

B. Fair Trial

Lastly, Stevens argues that he was deprived of a fair trial when the court improperly permitted the jury to hear testimony about his criminal record. Even assuming this claim is properly before the Court, it is without merit since comments pertaining to petitioner's prior criminal acts were stricken from the record and the trial judge properly instructed the jury to disregard such statements. The jury is presumed to have adhered to the court's instruction. See, e.g., Yapor v. Mazzuca, No. 04-CV-7966, 2005 U.S. Dist. LEXIS 6597, at *56-*57 (S.D.N.Y. Apr. 19, 2005) ("Limiting instructions have been found to militate against a finding of constitutional error."); see also Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987) (presuming that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an "overwhelming probability" that the jury will be unable to follow the court's instructions). Stevens's acquittal on several charges demonstrates the absence of an overwhelming probability that the jury was unable to follow the court's instruction. In this light, especially, the constitutional argument asserted is entirely baseless.

## CONCLUSION

For the reasons set forth above, Hassan Stevens's application for a writ of habeas corpus is denied and his petition is dismissed. Because petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability shall not issue with respect to any of his claims. 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 12, 2010.

ERIC N. VITALIANO
United States District Judge